IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOSEPH ANFIELD-EL     PLAINTIFF

v.     Case No. 5:15-CV-05165

WELLS FARGO HOME MORTGAGE     DEFENDANT

## OPINION AND ORDER

Currently before the Court is Defendant Wells Fargo Home Mortgage's ("Wells Fargo") Motion to Dismiss for Failure to State a Claim (Doc. 12).[1] Plaintiff Joseph Anfield-El failed to respond to the Motion. He also failed to participate in a Rule 26(f) conference with opposing counsel, despite counsel's many attempts to get in contact with him. In addition, Anfield-El failed to attend the Case Management Hearing that took place on September 14, 2015. A copy of the Court's Initial Scheduling Order, setting forth preliminary deadlines including the date of the Case Management Hearing, was mailed to Anfield-El's address of record on July 31, 2015, and was never returned as undeliverable.

During the Case Management Hearing, the Court ruled from the bench, granting Wells Fargo's Motion and dismissing the case with prejudice. To the extent this Order differs from what was announced in open Court, the Order will control.

---

[1] This Motion incorporates by reference the motion to dismiss and brief in support (Doc.3) filed earlier in the case, when the District Court for the Northern District of Georgia had jurisdiction over the matter. The original motion to dismiss (Doc. 3) argued in favor of dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, transfer to the Western District of Arkansas. The Georgia court granted the alternative request for transfer and did not rule on the Rule 12(b)(6) motion.

## I. BACKGROUND

Anfield-El, proceeding *pro se*, originally filed this action in the Northern District of Georgia, alleging claims for violations of the False Claims Act and for common law fraud and breach of contract. His Complaint states that he is the owner in possession of real property located in Bentonville, Arkansas. Anfield-El entered into a deed of trust and promissory note contract with Residential Finance Corporation on September 21, 2012. The deed of trust shows that Mortgage Electronic Registration Systems ("MERS") is the beneficiary under the security agreement, and Residential Finance Corporation is the lender. MERS made an assignment of the mortgage to Wells Fargo, which, in turn, became holder-in-due-course of the deed of trust and promissory note.

Anfield-El asserts that, despite the documentation to the contrary attached to his Complaint, *see* Doc. 1 at pp. 10-18, 25-27, Wells Fargo is *not* the holder-in-due-course. He claims, without further elaboration, that "Defendant(s) is in violation of the False Claims Act U.S.C. Title 31 Section 3729." *Id.* at pp. 2-3. He then alleges that Wells Fargo committed a breach of contract, without specifying what contract was breached or how the breach occurred. Finally, he maintains that Wells Fargo engaged in fraud in filing an assignment of the deed of trust, dated August 6, 2014, because Wells Fargo "was not a holder in due course of the promissory note or deed of trust instrument, but represented that they were." *Id.* at p. 3.

Wells Fargo believes the Complaint should be dismissed for failure to state a claim. Wells Fargo's first argument is that the False Claims Act is inapplicable here, given that Anfield-El makes no claims of fraud against the government. Next, the contract and fraud

claims are so lacking in detail that they fail to give Wells Fargo fair notice as to the grounds upon which the claims rest. Assuming Anfield-El has stated sufficient facts to state causes of action for breach of contract and fraud, Wells Fargo concludes by arguing that these claims fail as a matter of law. Below the Court will analyze the legal standards applicable on a Rule 12(b)(6) motion, and then discuss the merits of Anfield-El's claims.

## II. LEGAL STANDARD

To survive a motion to dismiss pursuant to Rule 12(b)(6), the complaint must present "a short and plain statement of the claim that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The intention of this is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Even so, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* In short, "the pleading standard that Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). When considering a motion to dismiss, the Court ordinarily does not consider matters outside the pleadings. Fed. R.

Civ. P. 12(d). However, the Court may consider exhibits attached to the complaint and documents that are necessarily embraced by the pleadings. *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003).

Claims sounding in fraud must additionally comply with the heightened pleading requirements of Fed. R. Civ. P. 9(b) by pleading with particularity the circumstances surrounding the fraud. This pleading standard "demands a higher degree of notice than that required for other claims. The claim must identify who, what, where, when, and how." *United States ex rel. Costner v. United States*, 317 F.3d 883, 888 (8th Cir. 2003).

### III. DISCUSSION

After careful consideration of the Complaint and Wells Fargo's Motion, it is clear that the first cause of action brought under the False Claims Act must be dismissed, as the Act pertains to whistleblowers bringing claims of fraud against the United States government, or suing on behalf of the government to recover civil penalties, and such claims are not at issue here.

Next, claims for breach of contract and fraud fail under Anfield-El's theory that Wells Fargo is not the holder-in-due-course of the deed of trust or note. Attached to the Complaint is a legal description of the property at issue (Doc. 1, p. 9); the deed of trust, *id.* at pp. 10-11, listing Joseph and Aisha Anfield as grantors, Charles M. Mooney, Sr., as borrower, and MERS as lender and beneficiary; the note, *id.* at p. 17; and the assignment of the deed of trust by assignor MERS to assignee Wells Fargo, *id.* at p. 25.

From reviewing these documents attached to the Complaint, which speak for themselves, it is clear the cause of action for breach of contract must be dismissed for lack

of specificity in pleading, as the Complaint fails to identify what contract was breached, what obligations were owed by the parties under the various loan documents, or what damages resulted from any alleged breach. Similarly, the cause of action for fraud fails to set forth the particular false representations of material fact that were allegedly made by Wells Fargo to Anfield-El, or to state that Wells Fargo knew such representations were false. Anfield-El's claims are conclusory in nature, in that he states without factual support that Wells Fargo is not the holder-in-due-course, when the documents demonstrate that that MERS properly transferred all right, title, and interest in the subject property to Wells Fargo.

Dismissing the Complaint due to these pleading deficiencies and for failure to state a claim pursuant to Rule 12(b)(6) is an appropriate course of action. Moreover, allowing Anfield-El to amend the Complaint would be futile, considering that his case is grounded in the theory that Wells Fargo is not the holder-in-due course on his note and mortgage—when all documents attached to the Complaint indicate to the contrary. When it is clear as a matter of law that a complaint cannot be amended to state a cause of action, dismissal with prejudice is appropriate. *See Pet Quarters, Inc. v. Depository Trust & Clearing Corp.*, 559 F.3d 772, 782 (8th Cir. 2009) (Rule 12(b)(6) dismissal with prejudice is not abuse of discretion when amendment would be futile).

In the alternative to dismissal pursuant to Rule 12(b)(6), dismissal is also proper under Rule 41(b), which provides that a plaintiff's complaint may be dismissed with prejudice for failure to prosecute or to comply with the Court's rules or orders. Here, Anfield-El failed to obey the Court's Initial Scheduling Order, as he did not meet and confer with opposing counsel to submit a joint Rule 26(f) report to the Court, and he did not

appear at the Case Management Hearing. Anfield-El also failed to prosecute this action by his refusal to respond to the Motion to Dismiss, either in the Georgia district court or in this Court. For all of these reasons, dismissal with prejudice under Rule 41(b) is well justified.

## IV. CONCLUSION

**IT IS ORDERED** that Defendant Wells Fargo Home Mortgage's Motion to Dismiss for Failure to State a Claim (Doc. 12) is **GRANTED**. Because amendment of the Complaint to cure any pleading deficiencies would be futile, the case is **DISMISSED WITH PREJUDICE**, and a Judgment will be filed concurrently with this Opinion and Order.

**IT IS SO ORDERED** this 21st day of September, 2015.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE